**BRASTEIN v. SEDIVY.**

Probate Court, Geauga County.

No. 5583.  Decided January 11, 1957.

## OPINION

By FORD, J.

This matter came before the Court upon the Application for Declaratory Judgment of Charles Brastein and the Answers of Miles Sedivy as an individual and as Executor of the Estate of Rose Sedivy, deceased.  The Application stated in effect that Charles Brastein was the common law

husband of Rose and asked the Court to so find and to direct the executor of the estate of Rose Sedivy, deceased, to correct the proceedings in said estate.

The testimony of the many witnesses on behalf of Charles Brastein indicatec that Rose Sedivy and said Charles Brastein lived together and he contributed to her support most of the time during a period from some time in 1926 to the date of Rose's death in 1955. There was testimony to the effect that Rose and Charles shared the same bedroom; that terms of endearment were used between the parties in public or in the presence of others in the home; that Charles made repairs on the house in which they lived and although many of said witnesses could not be called close acquaintances or neighbors, they were allowed to testify generally as to the reputation of Charles and Rose as husband and wife in the community if there was the least chance said witnesses had said knowledge. Further, there was testimony and to use the expression of the plaintiff's attorney, "silent proof," to the effect that Rose Sedivy used the name Brastein or Brushtine or Brastine on greeting caras, money orders and upon her second admission to the hospital and that Charles had listed Rose as wife upon his employment and pension applications and his hospitalization contract and that a deed was executed by Rose Sedivy Brastine with Charles Brastine releasing dower as her husband.

There was also testimony that Rose Sedivy had her doctor change the record of her name in his records from Rose Sedivy to Rose Brastein in the year 1948; that there were two, not one, sets of wedding and engagement rings; that on occasion, Rose denied she was married and that frequently, her business transactions and purchases were in the name of Rose Sedivy. There was evidence that Rose Sedivy was married and divorced before she knew Charles Brastine; that Rose Sedivy, widow and unmarried conveyed a lot acquired in 1941, to Charles Brastein, in 1945, and executed an oil lease as a single woman in 1943; that in 1952 she purchased a headstone and earlier, a cemetery lot in the name of Rose Sedivy; that Rose was 19 years older than Charles; and that Charles came to live with Rose on her place in 1926 and on her father's farm in 1939.

In order to establish a common law marriage, all essential elements to such a relationship must be shown by clear and convincing evidence. One must show an agreement of marriage in praesenti made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, with the result that they are treated and reputed as husband and wife in the community in which they reside.

Clear and convincing proof has been variously defined as that degree of proof, though not necessarily conclusive, which will produce in the mind of the Court a firm belief or conviction or, as that degree of proof which is more than a preponderance but less than beyond a reasonable doubt. Preponderance in turn, is not determined by the number of witnesses but by the weight of the evidence which weight is determined by the witnesses' opportunity for knowledge, the information actually possessed and related, and the manner in which the testimony is given.

This Court and many others have been troubled by the second syllabus found in **Markley et al v. Hudson et al, Appellants, 143 Oh St 163,** wherein we find the Supreme Court of Ohio held:

2. While such agreement to marry in praesenti must be proved by clear and convincing evidence, it may be established by proof of acts, declarations and conduct of the parties and their recognized status in the community in which they reside.

It is the opinion of this Court that the Supreme Court did not hold in the Markley case that if the last two elements, i. e. cohabitation and community reputation, were proven that the first element, the mutual agreement in praesenti, must be inferred. It is the opinion of this Court that the Supreme Court held that the first element, the agreement, could be implied from testimony of witnesses as to acts, declarations, admissions and cohabitation of the parties if said testimony was in fact uncontroverted in more than a preponderance of instances. The law in Ohio on common law marriage is not changed by the Markley case but only restated to allow the agreement to be implied from clear and convincing proof of the surrounding circumstances.

The evidence of marriage here is not such as would enable the Court to say firmly and with conviction that these people were, or considered themselves to be married. There is entirely too much conflict in the evidence. Too many questions remain unanswered.

The plaintiff must prove a meeting of the minds resulting in a mutual contract of marriage. Is this shown where there is 19 years difference in age and the woman is the elder and the property owner? Is this shown where there are two sets of rings instead of one and no testimony or evidence as to the circumstances surrounding the giving and acceptance of said rings? Were the rings given or offered as an inducement to marriage? Is mutuality shown where the younger man comes to live on the older woman's property and is this conduct the accepted conduct for a husband in our society? Is mutual agreement shown where the wife continues many if not a majority of her business transactions, has a will, a deed and a lease drawn and makes burial arrangements in her maiden name? Can we assume a woman who has had the protection and dignity of a ceremonial and statutory marriage would now accept something less in the form of a common law marriage? This Court thinks not. Rose Sedivy's continued acts during the entire period negate any inference which might be drawn by proof of cohabitation or reputation in the community.

There was no mutual agreement, in the present, to assume the obligations as well as the privileges, of marriage. The law recognizing common law marriage is provided primarily to protect the innocent  There are no innocent here. Said law should never be used to establish the survivor of such a relationship as a spouse and this Court cannot so use it in this case. It is therefore the finding of this Court that the relationship between Charles Brastein and Rose Sedivy was not that of common law marriage and Charles Brastein is not the surviving spouse of the decedent, Rose Sedivy.